## Young Appeal

*Bernard J. Hessley,* for Commonwealth.

*William Mervine,* for appellant.

WOLFE, P. J., September 11, 1974.—This case is before us on appeal following suspension of appellant's motor vehicle operating privileges by the Director of the Bureau of Traffic Safety.

The case has caused more confusion and difficulty than it would normally warrant due to some misunderstanding concerning the statute of limitations to perfect an appeal under section 620 of The Vehicle Code of April 29, 1959, P. L. 58, as amended 75 PS 620 stating:

"Any person whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or a learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides.

The exact issue to be decided is when the period of 30 days commences to run.

There has arisen some confusion concerning appellant's record due to the extraordinary time involved in processing this case. The record reflects appellant was arrested on October 18, 1972, and was convicted on that arrest on November 2, 1972, of speeding 73 miles per hour in a 55-mile-per-hour speed zone under section 1002(b)(6) of The Vehicle Code. At that time, appellant lived at an address different from the one where he now resides and allegedly did not receive notice to attend driver's education school nor notice of a 15-day suspension, which resulted in an accumulation of 11 points for his failure to attend driver improvement school, all of which brought him a suspension of 60 days to run consecutively with the 15-day suspension, or a 75-day suspension of his motor vehicle operating privileges. It was not until November 1, 1973, defendant was given notice by the Department of Transportation, Bureau of Traffic Safety, of his suspension to be effective December 6, 1973, but mailed to his original

address at 1007 Pennsylvania Avenue, East, in the Borough of Warren. This suspension was restored, however, pending a departmental hearing. This hearing was held on March 28, 1974, at which time the Examiner became aware appellant had voluntarily turned in his license to the local State Police on January 8, 1974, to commence his suspension period and he allegedly did not operate a motor vehicle for a period of 79 days. Of course, this voluntary suspension on appellant's part was not necessary because his license was restored on January 24, 1974, pending the departmental hearing. To add to these events, appellant received a notice of suspension on June 12, 1974, under date of June 11, 1974, suspending his operating privileges for 75 days effective July 16, 1974. This last notice caused appellant to appeal and his appeal was perfected by filing this petition with the prothonotary on July 15, 1974, but was not executed by the court setting a hearing date until August 5, 1974, due to the court's vacation.

The bureau has filed a motion to quash the appeal because it was not timely taken, to wit, within 30 days of the date of suspension, arguing the appeal was not perfected until August 5, 1974. A review of the applicable cases, some of which contradict each other, concludes us to reason the date the statute begins to run is from the effective date of the suspension and not the date it is received by the operator: Commonwealth v. Wagner, 60 D. & C. 2d 475 (1972), which holds the 30-day period commences to run when the operator's license is suspended and not from the time the operator receives notice of the suspension. To the same effect is Brown v. Department of Transportation, 4 Pa. Commonwealth Ct. 308 (1972), wherein this court held it is error for the trial court to extend the time for appeal as an act of mere indulgence.

In the current case, appellant's suspension was not effective until July 16, 1974, and his appeal was, therefore, filed one day before the suspension became effective which may, in itself, lead to a legal question if it were a premature appeal, but this has been answered by Hymes License, 32 D. & C. 2d 161 (1963), holding an appeal may be perfected from an operator's license suspension any time after the date of service of notice of such action by the secretary and the operator need not wait for the suspension period to commence. Supporting this holding is Confair License, 44 D. & C. 323 (1967), which directly discussed the premature argument and finds it without merit, rationalizing that "if an appellant acts promptly [after receiving notice], he is able to perfect his appeal and obtain a supersedeas, pending hearing disposition thereof, prior to the date when he must surrender his operator's card to the Secretary of Revenue." We, therefore, hold the 30-day period in this case was tolled on July 15, 1974, one day before the suspension became effective and obviously 30 days before it expired.

Turning to the meritits of appellant's voluntary action, we have no question from the testimony of his fellow workers who transported him to and from work as well as the testimony of a State Trooper who advised appellant not to operate notwithstanding he had received a valid license in Feburary 1974, that he did not operate for a period of 79 days. The examiner for the bureau also accepted appellant's statement he did not operate for this period; indeed, the notice of suspension of June 11, 1974, gives appellant credit from January 8, 1974, the day he turned the license in to the State Police Station until February 22, 1974, the date of renewal license issued to appellant or a period of 46 days. Of course, we appreciate the director did

not have the benefit of this testimony and was compelled to follow the record then before him.

We are convinced appellant has served his suspension period and is entitled to operate and, therefore, enter the following order:

## ORDER

And now, September 11, 1974, the suspension of appellant's license by the director's order of June 11, 1974, is reversed and appellant's operators license privileges are restored.